UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JULIA IMAD, As Parent and Natural Guardian of Her Minor Daughter, Sophia Imad | : | |
| vs. | : | C.A. No. 08- |
| MOTEL HOTEL ASSOCIATES, INC. HEALTH AND WELFARE BENEFIT PLAN and MOTEL HOTEL ASSOCIATES, INC. | : | CA 08 182 |

## COMPLAINT

Plaintiff, Julia Imad, on behalf of her minor daughter, Sophia Imad, brings this action against the Defendants, Motel Hotel Associates, Inc. Health and Welfare Benefit Plan (the "Plan") and Motel Hotel Associates, Inc., ("MHAI") to recover plan benefits.

## PARTIES

1. Julia Imad is a citizen of Rhode Island. She is the mother of Sophia Imad, a minor. At all relevant times, Julia Imad was an employee of MHAI.

2. The Plan is a health and welfare benefit plan providing, among other things, medical and prescription drug benefits and coverage for employees of MHAI.

3. MHAI is a corporation organized and existing under the laws of Pennsylvania. MHAI does business in Rhode Island where it operates and manages a hotel. MHAI is the sponsor and administrator of the Plan.

## JURISDICTION AND VENUE

4. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001-1461.

5. Jurisdiction over this action is based upon 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

6. Venue is proper because MHAI and the Plan transact business within the District and because the breach and other acts complained of occurred in this District.

## FACTS

7. Plaintiff was employed by MHAI in August, 2006, and at all other times relevant to this action.

8. As of August, 2006, and at all other times relevant to this action, MHAI, through the Plan, provided certain health and welfare benefits, including medical and prescription drug coverage, to its employees. MHAI acted as the sponsor and administrator of the Plan.

9. As of August, 2006, and at all other times relevant to this action, Julia Imad was a participant and beneficiary of the Plan.

10. In or about August 2006, Julia Imad gave birth to her daughter, Sophia, at Women & Infants Hospital (the "Hospital") in Providence, Rhode Island. Sophia Imad was born unexpectedly and prematurely during the 25th week of Julia's pregnancy.

11. In or about September, 2006, Sophia Imad was added as a beneficiary of the Plan so that she was entitled to receive benefits from the date of her birth.

12. Sophia Imad was a patient of the Hospital for approximately four months. She was discharged from the Hospital on or about December 21, 2006.

13. Following Sophia's birth, Julia Imad, through the Hospital, submitted claims for payment of Sophia's medical bills to the Plan via its third-party administrator, Coresource, Inc.

14. The total amount of the claims submitted on behalf of Sophia exceeds $975,000.00.

15. To date, Defendants have paid only $12,995.96 for the care and treatment furnished to Sophia Imad.

16. During the course of 2007, Julia Imad repeatedly received assurances from representatives of Coresource, the Plan, and MHAI that the claims submitted on behalf of Sophia were proper and timely and that they would be paid in full. Despite these assurances, the Defendants failed and refused to pay the medical bills associated with Sophia Imad's care and treatment.

17. Beginning in or about September, 2007, Ms. Imad, through counsel wrote the Defendants and inquired why Sophia Imad's medical bills remained unpaid.

18. The Defendants responded through counsel and claimed to be unaware of Sophia Imad's claims. Defendants, in fact, had knowledge of Sophia Imad's claim through the Plan's third-party administrator, CoreSource, Inc.

19. On December 6, 2007, the Plan wrote to Ms. Imad's counsel and stated that payment of Sophia Imad's claim was being "affected by the refusal of the Plan's stop loss insurer to pay such claim." The Plan claimed that it was not denying Ms. Imad's claim but that she had a right to file an appeal. A true copy of the December 6, 2007 letter is attached as Exhibit A.

20. On December 14, 2007, Julia Imad, through counsel wrote to the Plan and appealed the December 6, 2007 decision. A true copy of the December 14, 2007 letter is attached as Exhibit B.

21. On January 14, 2008, the Plan wrote to Ms. Imad's counsel and stated that payment continued to be affected by the conduct of its stop loss insurer. The Plan claimed that it was not denying Ms. Imad's claim but that she had the right to file an appeal. A true copy of the January 14, 2008 letter is attached as Exhibit C.

22. On January 15, 2008, Julia Imad, through counsel wrote to the Plan and appealed the January 14, 2008 decision. A true copy of the January 15, 2008 letter is attached as Exhibit D.

23. On February 12, 2008, the Plan wrote to Ms. Imad's counsel and stated that the Plan's stop loss insurer, Gerber, has agreed to pay Ms. Imad's claim. A true copy of the February 12, 2008 letter is attached as Exhibit E.

24. Despite the February 12, 2008 letter from the Plan, the Defendants have failed and refused to pay for Sophia Imad's bills.

25. As a result of the Defendants' conduct, Plaintiff has been injured.

26. Plaintiff has met all conditions precedent to bringing this action.

## CLAIMS FOR RELIEF

27. Plaintiff incorporates Paragraphs 1 through 26 above into this paragraph as though the allegations were fully set forth herein.

28. This is a claim to recover benefits, enforce rights, and clarify rights under 29 U.S.C. § 1132(a)(1)(B).

29. Plaintiff and her daughter, Sophia, are beneficiaries under the Plan and Plaintiff is entitled to sue for a judicial determination and enforcement of benefits on behalf of her daughter, Sophia Imad.

30. There is no provision of the Plan that permits the Defendants to deny or delay payment of Sophia Imad's claims on the ground that the stop loss insurer or reinsurer has denied a claim for coverage or reinsurance.

31. Defendants have wrongfully failed to pay the benefits to which Sophia Imad is entitled and Defendants are liable under 29 U.S.C. § 1132(a)(1)(B).

WHEREFORE, plaintiff prays that:

(a) The Court order the Defendants to pay for all benefits due, including the medical and prescription drug costs incurred in connection with the care and treatment received by Sophia Imad at Women & Infants Hospital,

(b) The Court award Plaintiff her attorneys' fees and costs, and

(c) The Court award Plaintiff such other and further relief as the Court deems just and equitable.

JULIA IMAD, As Parent of Her Minor Daughter, Sophia Imad

By Her Attorneys,

Brent R. Canning (#5546)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (facsimile)

DATED: May 12, 2008



#832110v1
023388-133542