**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JULIA IMAD,

Plaintiff,

v.

MOTEL HOTEL ASSOCIATES, INC. HEALTH AND WELFARE BENEFIT PLAN, ET AL.,

Defendants.

**CIVIL ACTION NO. 08-182T**

**DEFENDANTS'ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Motel Hotel Associates, Inc. ("Motel Hotel") and the Motel Hotel Associates, Inc. Health and Welfare Benefit Plan ("the Plan")(collectively "Defendants") hereby answer and assert affirmative defenses to Plaintiff's Complaint as follows:

1. Admitted in part, denied in part. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegation in the first sentence of this paragraph and, therefore, that allegation is deemed to be denied. Defendants admit upon information and belief that Julia Imad is the mother of Sophia Imad and that Sophia Imad is a minor. Defendants deny that Julia Imad was employed by Motel Hotel.

2. Denied. The allegations in this paragraph are based on a written document that speaks for itself and any characterization thereof is denied.

3. Admitted in part, denied in part. Defendants admit that Motel Hotel is the Plan sponsor and Plan administrator. Defendants deny, however, that Motel Hotel is the third-party administrator for the Plan. Defendants admit that Motel Hotel is a Pennsylvania corporation, but

deny that Motel Hotel does business in Rhode Island by operating/managing a hotel or otherwise.

4. Admitted.

5. Admitted.

6. Denied. The allegations in this paragraph are conclusions of law to which no response is required and, therefore, are deemed to be denied. Nevertheless, without admitting the allegations in this paragraph, Defendants do not contest venue in this District.

7. Denied.

8. Admitted in part, denied in part. Defendants admit that Motel Hotel was the Plan sponsor and Plan administrator and that the Plan provides benefits for eligible employees of an employer as defined in the Plan. Defendants deny the remaining allegations in this paragraph.

9. Admitted in part, denied in part. Defendants admit that Julia Imad was a participant in the Plan in August 2006. Defendants deny that Julia Imad was a beneficiary in the Plan.

10. Admitted upon information and belief.

11. Admitted in part, denied in part. Defendants admit that Sophia Imad was enrolled as a Plan beneficiary in or about September 2006. The allegations in this paragraph regarding Sophia Imad's eligibility for Plan benefits are legal conclusions to which no response is required.

12. Admitted upon information and belief.

13. Admitted in part, denied in part. Defendants admit that the Hospital submitted claims for payment to CoreSource, Inc. (the third-party administrator for the Plan) for medical services purportedly provided to Sophia Imad. Defendants deny that Julia Imad submitted those claims "through" the Hospital.

14. Admitted in part, denied in part. Defendants admit that the total amount of the bills submitted by the Hospital to CoreSource, Inc. exceeded $975,000. Defendants deny, however, that the Hospital is due an amount in excess of $975,000.

15. Denied.

16. Admitted in part, denied in part. Defendants are without knowledge or information sufficient to identify the unnamed "representatives" referenced in the first sentence of this paragraph and, therefore, are without knowledge or information sufficient to form a belief regarding the truth the allegations in that sentence. Defendants admit that they have not paid all of the bills submitted by the Hospital for care purportedly provided to Sophia Imad. Defendants have, however, paid a portion of those bills and therefore deny Plaintiff's allegation to the contrary and also deny Plaintiff's allegations regarding the amount of the Hospital's bills.

17. Admitted in part, denied in part. Defendants admit that they received a letter from Plaintiff's Counsel in September 2007. Defendants deny the remaining allegations in this paragraph on the ground that the letter is a written document that speaks for itself and any characterization thereof is denied.

18. Admitted in part, denied in part. Defendants admit that they responded to Plaintiff's Counsel's letter referenced in paragraph 17. Defendants deny the remaining allegations in this paragraph on the ground that their response letter is a written document that speaks for itself and any characterization thereof is denied. Defendants deny the remaining allegations in this paragraph.

19. Admitted in part, denied in part. Defendants admit that they sent Plaintiff's Counsel the letter referenced in this paragraph. Defendants deny the remaining allegations in

this paragraph on the ground that the letter is a written document that speaks for itself and any characterization thereof is denied.

20. Admitted in part, denied in part. Defendants admit that Plaintiff's Counsel sent and they received the letter referenced in this paragraph. Defendants deny the remaining allegations in this paragraph on the ground that the letter is a written document that speaks for itself and any characterization thereof is denied.

21. Admitted in part, denied in part. Defendants admit that they sent Plaintiff's Counsel the letter referenced in this paragraph. Defendants deny the remaining allegations in this paragraph on the ground that the letter is a written document that speaks for itself and any characterization thereof is denied.

22. Admitted in part, denied in part. Defendants admit that Plaintiff's Counsel sent and they received the letter referenced in this paragraph. Defendants deny the remaining allegations in this paragraph on the ground that the letter is a written document that speaks for itself and any characterization thereof is denied.

23. Admitted in part, denied in part. Defendants admit that they sent Plaintiff's Counsel the letter referenced in this paragraph. Defendants deny the remaining allegations in this paragraph on the ground that the letter is a written document that speaks for itself and any characterization thereof is denied.

24. Admitted in part, denied in part. Defendants admit that they have not paid in their entirety all of the bills submitted by the Hospital for care purportedly provided to Sophia Imad. Defendants have, however, paid a portion of those bills and therefore deny Plaintiff's allegation to the contrary.

25. Denied.

26. Denied. The allegations in this paragraph are conclusions of law to which no response is required.

27. Defendants incorporate their responses to paragraphs 1-26 of Plaintiff's Complaint as if fully set forth herein.

28. Denied. The allegations in this paragraph are conclusions of law to which no response is required.

29. Admitted in part, denied in part. Defendants admit that Sophia Imad was a beneficiary under the Plan, but deny that Julia Imad was a beneficiary under the Plan. The remaining allegations in this paragraph are legal conclusions to which no response is required.

30. Denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations and demand strict proof of the same at trial.

31. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations and demand strict proof of the same at trial. By way of further answer, Defendants state that the amount of benefits claimed by or on behalf of Sophia Imad is in dispute and that whatever amounts remain to be paid depend upon resolving the question of, *inter alia*, whether the claim is covered by the Defendant Plan or some other health and welfare plan. Defendants believe that some amount of the Imad claim is covered by the Defendant Plan, but their stop loss insurer (Gerber Life Insurance Company) has refused to pay any portion of the claim on the grounds that the Defendant Plan terminated prior to the date of the Imad's claim. Whether the Defendant Plan terminated prior to the date of the Imad's claim is a legal issue that must be resolved prior to paying benefits.

All allegations in Plaintiff's Complaint not specifically admitted herein are denied.

**Affirmative Defenses**

Without assuming the burden of proof for any issue properly placed on Plaintiff, Defendants hereby assert the following defenses to Plaintiff's claims.

1. Plaintiff has not suffered any injury.

2. Any non-compliance with the Plan is excused under the doctrines of impracticability/impossibility of performance.

3. Defendants acted in good faith at all relevant times.

Defendants,
By their attorneys,

/s/ Michael D. Chittick

RICHARD R. BERETTA, JR. (#4313)
MICHAEL D. CHITTICK (#5967)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-751-0604
Dated: July 7, 2008
rberetta@apslaw.com
mchittick@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2008, a copy of the foregoing Answer on behalf of Defendants was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Michael D. Chittick

*460612_1.doc*